WALTER J. ROTHSCHILD, Judge.
 

 | gThis is an appeal from a trial court judgment rendered on July 31, 2008 on the issue of child support. For the reasons stated herein, we affirm.
 

 Facta and Procedural History
 

 On May 1, 2007, Kendra Ormsby Rouge-lot filed a petition for divorce from John Henry Rougelot, Jr. and among other things, sought sole custody and child support for the minor child, Kaine William Rougelot. Mr. Rougelot was served with a copy of this petition on August 10, 2007, and an answer was filed on August 27, 2007. The matter was initially set before the hearing officer on October 19, 2007; however, the matter was continued several times.
 

 Both parties appeared before the heai*-ing officer on April 4, 2008, and the parties agreed at this time to continue the matter of child support until April 29, 2008. At this time, both parties submitted obligation worksheets to be used for the calculation of the total support obligation. It -was also stipulated by the parties that Mr. Rougelot pay child support in the amount of $500.00 per month pending the hearing. Mr. Rougelot agreed to produce |3financial documents, including his 2006 and 2007 tax returns or supporting documentation, no later than April 18, 2008.
 

 Mr. Rougelot failed to produce this information and also requested continuance of the April 29, 2008 hearing date. The hearing was rescheduled for June 5, 2008, and all parties received notice of this date.
 

 On June 5, 2008, the issue of child custody and support came before the hearing officer. Although Ms. Rougelot and her attorney were present at this hearing, neither Mr. Rougelot nor his attorney appeared. Following this hearing, the hearing officer entered an interim judgment ordering Mr. Rougelot to pay child support in the amount of $1,155.00 per month effective May 1, 2007, with credits for all amounts paid prior to this date. The hearing officer stated he based this award on the provisions of La. R.S. 9:315, et seq., and the results of the worksheet calculation based on the parties’ stated incomes which were attached to the judgment.
 

 On the same date, Kendra Rougelot filed a request for default hearing before the district court to ensure that the order of the hearing officer be made permanent. On June 10, 2008, the trial court ordered that the objections to the findings of the hearing officer and/or the request for the default hearing be set for July 31, 2008. Service of this order was requested on John Rougelot, Jr. through his attorney of record.
 

 The supplemental record in this case indicates that the order setting a default hearing was personally served on Larry Boudreaux, Sr., the counsel of record for Mr. Rougelot, on June 24, 2008 at 9:00 a.m. The service information indicates that a copy of the order was attached, indicating that any objections to the hearing officer’s findings were to be heard before the trial court on July 31, 2008.
 

 
 *121
 
 |,tThe record before us fails to contain any objection to the hearing officer’s findings on behalf of Mr. Rougelot. At the hearing on July 31, 2008, the trial court found that Mr. Rougelot failed to appear at the scheduled hearing on June 5, 2008 or to obtain an order granting continuance of this hearing. The court also found that Mr. Rougelot had failed to timely object to the findings of the hearing officer, despite counsel’s arguments that an objection had been sent to the trial court on July 3, 2008. After hearing testimony of Mrs. Rougelot on the child support matter, the trial court granted judgment in favor of Mr. Rougelot based on the recommendations of the hearing officer.
 

 Mr. Rougelot now appeals from this judgment, seeking reversal and remand to the district court for recalculation of his child support obligation.
 

 Discussion
 

 By this appeal, Mr. Rougelot contends that the hearing officer erred in setting his child support obligation without a proper consideration of his ordinary and reasonable business related expenses which would have reduced his gross income as stated on his financial statement. He contends that he filed an objection to the hearing officer’s findings immediately upon learning of the findings, but the objection was not timely filed into the record due to an administrative error.
 

 The rules for family and domestic relations proceedings in the Twenty-Fourth Judicial District Court are set forth in the Rules 23 and 24 of the local rules for that court. Rule 23(E)(5)(b)(2)(a) authorizes the domestic hearing officer to act as a finder of fact and make written recommendations to the court on the establishment of child support. Rule 24(A)(l)(a)(2) provides that a party who fails to appear at a hearing must file an objectionto the written findings within three days of receipt of the judgment or order. Thereafter, the order or judgment becomes order or judgment of the court.
 

 In the present case, Mr. Rougelot was aware of the hearing scheduled before the domestic hearing officer on June 5, 2008, but failed to obtain a continuance of that hearing and failed to appear. On April 4, 2008, Mr. Rougelot submitted a financial statement to the hearing officer and agreed to submit further financial documentation before April 18, 2008. Despite being given several opportunities, Mr. Rougelot continually failed to produce this information, and the hearing officer did not abuse his discretion in calculating the child support obligation on the basis of the information submitted by Mr. Rougelot at the time of the June 5, 2008 hearing. The income listed by Mr. Rougelot on his prepared statement, along with the financial information supplied by Ms. Rougelot, supports the calculation of child support in this case.
 

 Although counsel for Mr. Rougelot was aware of the scheduled hearing date on June 5, 2008, he avers that he was unaware of the order issued until July 2, 2008 when he received correspondence from opposing counsel regarding the child support order. However, the record fails to support this claim. The supplemental record indicates that the order setting the default hearing and objections to the hearing officer’s findings was personally served on counsel for Mr. Rougelot on June 24, 2008. Thus, assuming Mr. Rougelot or his counsel was not aware prior to this date of the order, Mr. Rougelot had three days, or until June 27, 2008 to file an objection to the hearing officer’s written recommendations.
 

 As previously stated, the record contains no evidence that an objection to the June 5, 2008 recommendations was filed on be
 
 *122
 
 half of Mr. Rougelot. | fiAlthough counsel for Mr. Rougelot argued in the trial court that an objection was filed
 
 on
 
 July 3, 2008 but was returned for failure to pay filing fees, such an objection even if properly filed would not have been timely. Thus, absent a timely objection, the order of the hearing officer became an order of the court.
 

 Under the circumstances presented here, the trial court did not err in entering an order of default and confirming the order of the hearing officer which set child support in this matter. Accordingly, the judgment of the trial court is affirmed.
 

 AFFIRMED.